IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. <u>4:16CR40010-001</u> |
| | ) | |
| | ) | |
| SKIP EARNEST RALPH LOMAX | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

On May 11, 2016, a Grand Jury sitting in the Western District of Arkansas returned an Indictment against the Defendant, Skip Earnest Ralph Lomax, charging him with two counts of methamphetamine distribution, in violation of Title 21 U.S.C. 841(a)(1), one count of having been previously convicted of a crime punishable by imprisonment exceeding one year, knowingly possessed a firearm, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), one count of possession of an unregistered firearm, in violation of Title 26, U.S.C. §§ 5841 and 5861(d), one count of receipt or possession of a destructive device, in violation of Title 26 U.S.C. §§ 5841, 5861(d), and 5781, and one count of possession of a firearm from which the manufacturer's serial number has been removed, altered, or obliterated, in violation of Title 18 U.S.C. §§ 922(k) and 924(a)(1)(B) and a forfeiture allegation.

In the forfeiture allegation of the Indictment, the United States seeks forfeiture, pursuant to Title 18 U.S.C. §§ 924(d) and 3665, of:

1. a Ruger Model LCP .380 ACP serial number 378-06000;

2. Colt Police Positive .32 caliber revolver serial number 170941;

3. Ruger LCR .38 SPL serial number 543-13077;

4. unknown make and model .38 SPL revolver serial number 23254;

    5. Taurus Millennium PT140 G2 .40 caliber serial number SIS86690

    6. a MKII style fragmentation grenade, with a M201A1 fuze assembly

    7. CZ model 25 sub machine gun referenced in Count 4; and

    8. Taurus, .22LR revolver for which the manufacturer's serial number had been removed, altered, and obliterated referenced in Count 6.

as property involved in, or used to facilitate the offense.

On July 21, 2016, the Defendant pleaded guilty to Counts 2, 3, and 5 of the Indictment. Pursuant to a Plea Agreement entered into by the parties, the Defendant agrees to forfeit all rights, title and interest to the firearms and destructive devices listed in the Indictment. The Defendant acknowledges that all property covered by the Plea Agreement is subject to forfeiture as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture. As announced in Court by the Government, the Defendant further releases all claims to the $1,000 in buy funds used to purchase the machine gun and grenade from the Defendant on March 24, 2016, now being held by the ATF as evidence. Pursuant to the Plea Agreement, the Defendant consents to the immediate entry of a Preliminary Order of Forfeiture upon entry of the guilty plea. The Defendant further agrees that upon entry of the Preliminary Order of Forfeiture, such Order will be considered final as to defendant's interests in the property(ies). The Defendant agrees to immediately withdraw any claims to property(ies) seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es.) The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies)

seized in connection with this case.

Pursuant to the Plea Agreement, the Defendant agrees to consent to the entry of Orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Pursuant to the Plea Agreement, the Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant also agrees that the forfeiture provisions of the Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That based upon the guilty plea of the Defendant, the following assets shall be forfeited to the United States:

    1. a Ruger Model LCP .380 ACP serial number 378-06000;

    2. Colt Police Positive .32 caliber revolver serial number 170941;

    3. Ruger LCR .38 SPL serial number 543-13077;

    4. unknown make and model .38 SPL revolver serial number 23254;

   5. Taurus Millennium PT140 G2 .40 caliber serial number SIS86690

   6. a MKII style fragmentation grenade, with a M201A1 fuze assembly

   7. CZ model 25 sub machine gun referenced in Count 4; and

   8. Taurus, .22LR revolver for which the manufacturer's serial number had been removed, altered, and obliterated referenced in Count 6.

as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

   2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this Order and the Plea Agreement, to conduct any discovery the Court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

   3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

   4. The United States shall publish notice of this Order pursuant to Fed. R. Crim. P. 32.2(b)(6).

   5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c), in which all interests will be addressed.

IT IS SO ORDERED this 22 day of July, 2016.

                                                                     HONORABLE SUSAN O. HICKEY
                                                                     UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 2 2 2016

DOUGLAS F. YOUNG, Clerk
By
    Deputy Clerk

_S. Lomax_
Skip Earnest Ralph Lomax, Defendant

_Anna Williams_
Anna Williams, Attorney for Defendant

_Benjamin Wulff_
Benjamin Wulff, Assistant U.S. Attorney